UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 12-97-HRW

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

APPALACHIAN REGIONAL
HEALTHCARE, INC., DEFENDANT.

This matter is before the Court upon the parties' cross Motions for Summary Judgment [Docket Nos. 14 and 15]. The motions have been fully briefed by the parties [Docket Nos. 16, 17, 19 and 20] and for the reasons stated herein the Court finds that Plaintiff is entitled to judgment as a matter of law.

I. **FACTUAL BACKGROUND**

Defendant Appalachian Regional Healthcare, Inc. ("ARH") operates ten hospitals, multi-specialty physician practices, home health agencies, HomeCare Stores and retail pharmacies in Eastern Kentucky and Southern West Virginia. Plaintiff, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("Union") is the bargaining representative for certain employees at ARH's West Liberty, Kentucky, South Williamson, Kentucky, and Hinton, West Virginia hospitals.

A. **The Collective Bargaining Agreement**

The Union and ARH are parties to a collective bargaining agreement ("CBA") effective from April 25, 2007 through March 31, 2010 between the USW and Company governed the rates

agreement between the parties that the Beckley award has a preclusive effect or even a showing of such an intention, ARH cannot plausibly support its argument. Moreover, during the hearing, ARH's counsel stated again and again that "nothing in this case, as far as I am concerned, has any implication for any other pending grievance." Nothing was said at the arbitration with regard to the Beckley grievance being dispositive. Such a statement would have put all interested parties on notice and this lawsuit would never have been filed.

This is not to say that there is no logic to ARH's position. However, issue preclusion is not a foregone conclusion in this context. As discussed herein, that is for the arbitrator to determine.

## IV. CONCLUSION

The Court finds that the grievances invoke the CBA and must be addressed pursuant to the procedure set forth therein. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [Docket No. 14] be **SUSTAINED** and Defendant's Motion for Summary Judgment [Docket No. 15] be **OVERRULED. IT IS FURTHER ORDERED** that Defendant arbitrate, without delay, the four grievances at issue in this matter (appended to the Complaint as Docket Numbers 1-2, 1-3, 1-4 and 1-5). A Judgment will be entered contemporaneously herewith.

This 15th day of January, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge